UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELMER VAN GORDER, individual,

      Plaintiff,    No. 06-14345

vs.            Hon. Gerald E. Rosen

GRAND TRUNK WESTERN RAILROAD INC.,
a Division of the Canadian National,

      Defendant.
_____/

OPINION AND ORDER REGARDING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS-
MOTION TO EXTEND AND COMPEL DISCOVERY

 At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on   November 10, 2008  

 PRESENT: Honorable Gerald E. Rosen
         United States District Judge

## I. INTRODUCTION

This claim of a Federal Safety Appliance Act ("FSAA") violation is presently before the Court on Defendant Grand Trunk Western Railroad, Inc.'s Motion for Summary Judgment and Plaintiff Elmer Van Gorder's Cross-Motion to Compel and Extend Discovery. Having reviewed the parties' respective motions, briefs, and supporting documents, the Court has determined that oral argument is not necessary. Therefore, pursuant to the Eastern District of Michigan Local Rule 7.1(e)(2), this matter will be decided on the briefs. This

1

Opinion and Order sets forth the Court's ruling.

## II. PERTINENT FACTS

This action arises out of an incident which occurred on October 17, 2003, when Plaintiff Elmer Van Gorder, while employed as a carman by Defendant, Grand Trunk Western Railroad, Inc., ("Grand Trunk"), injured his right shoulder when he attempted to close the left clamshell door of a bi-level auto carrier railcar. During a post-accident inspection, it was determined that the canopy bolt on the top of the car's AR door was defective and worn.

On February 2, 2005, Mr. Van Gorder filed a negligence claim against Grand Trunk pursuant to the Federal Employer's Liability Act, 45 U.S.C. § 51, *et seq*. ("FELA"), alleging that Grand Trunk conducted an unreasonable and negligent inspection of a railcar that directly resulted in his injury.[1] Specifically, Van Gorder claimed that the defective bolt should have been discovered by Grand Trunk during its pre-delivery inspection of the railcar, ergo providing safe working conditions.

On September 26, 2006, this Court entered summary judgment in favor of Defendant Grand Trunk, concluding that Van Gorder failed to produce evidence from which a jury could find that Grand Trunk was negligent, and thus, no genuine issue of material fact remained for trial.[2] The Court also considered Plaintiff's claim of violation of 49 C.F.R. §

---

[1] *See Van Gorder v. Grand Trunk Western R.R., Inc.*, E.D. Mich. No. 05-CV-70380-DT.

[2] *Van Gorder v. Grand Trunk Western R.R., Inc.*, 2006 WL 2796159 (E.D. Mich. Sep. 27, 2006).

215.9. The Court reviewed the regulation and determined that a clamshell door was not among the component parts to which 49 C.F.R § 215 applied; the regulation applies only to "parts which affect the movement of the car itself." *Van Gorder v. Grand Trunk Western R.R., Inc.*, 2006 WL 2796159 at *7 (E.D. Mich. Sep. 27, 2006). Because the clamshell door does not affect the rail car's movement, this component was determined not to be within the scope of 49 C.F.R. § 215.

Plaintiff Van Gorder appealed to the Sixth Circuit Court of Appeals. On December 11, 2007, the Court of Appeals affirmed this Court's decision, concluding that the evidence in the record failed to establish that Grand Trunk was negligent with regard to the inspection of the clamshell door.[3]

While the appeal in Plaintiff's 2005 case was pending, on October 3, 2006, Plaintiff filed the present action alleging violations of the Federal Safety Appliance Act ("FSAA"), 49 U.S.C. § 20302, and the regulations promulgated thereunder in 49 C.F.R. § 215. Specifically, Plaintiff alleges in the instant complaint that Defendant Grand Trunk was "negligent in failing to provide a safe place to work; the failure of Defendant to properly warn the Plaintiff of possible hazards to his health; the failure of Defendant to keep its equipment and property in a proper and safe manner; the failure of Defendant to properly inspect, repair, and maintain its equipment and property; the failure of Defendant to comply with applicable State and Federal Statutes, including, but not limited to, the Federal Safety

---

[3]*Van Gorder v. Grand Trunk Western R.R., Inc.*, 509 F.3d 265 (6th Cir. 2007), *cert. filed*, 77 USWL 3059 (May 13, 2008).

Appliance and Equipment Act, and the related Federal and State Rules and Regulations thereunder, including, but not limited to 49 C.F.R. § 215; failure of the Defendant to properly operate the job, together with other negligent acts or omissions; and in the general reckless, careless, and negligent manner in which the Defendant, its agent, servants, and employees conducted its business." [See Complaint ¶ 9.][4]

### III. DISCUSSION

#### A. APPLICABLE STANDARDS

Summary judgment is proper "'if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Fed. R. Civ. P. 56(c).

Three 1986 Supreme Court cases -- *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) -- ushered in a "new era" in the standards of review for a summary judgment motion. These cases, in the aggregate, lowered the movant's burden on a summary judgment motion.[5] According to the *Celotex* Court,

In our view, the plain language of Rule 56(c) mandates the entry of summary

---

[4] Identical language was used in the allegation contained in ¶ 9 of the February 2, 2005, complaint and ¶ 9 the current complaint. The single change was the statutory reference. The reference to the "FELA" statute was replaced by the reference to the "FSAA" statute.

[5] "[T]aken together these three cases signal to the lower courts that summary judgment can be relied upon more so than in the past to weed out frivolous lawsuits and avoid wasteful trials. . . ." 10A C. Wright, A. Miller, M. Kane, Federal Practice & Procedure 3d, § 2727.

4

judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof.

*Celotex*, 477 U.S. at 322.

After reviewing the above trilogy, the Sixth Circuit established a series of principles to be applied to motions for summary judgment. They are summarized as follows:

* The movant must meet the initial burden of showing "the absence of a genuine issue of material fact" as to an essential element of the non-movant's case. This burden may be met by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case.

* The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must "present affirmative evidence in order to defeat a properly supported motion for summary judgment."

* The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact.

* The trial court has more discretion than in the "old era" in evaluating the respondent's evidence. The respondent must "do more than simply show that there is some metaphysical doubt as to the material facts." Further, "[w]here the record taken as a whole could not lead a rational trier of fact to find" for the respondent, the motion should be granted. The trial court has at least some discretion to determine whether the respondent's claim is plausible.

*Betkerur v. Aultman Hospital Association*, 78 F.3d 1079, 1087 (6th Cir. 1996). *See also, Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). The Court will apply the foregoing standards in deciding Defendant's motion for summary judgment in this case.

B. ANALYSIS

1. *Issue Preclusion*

Grand Trunk first asserts that Van Gorder's claim of violation of the FSAA was raised

and decided in the 2005 Complaint, and therefore, the issue should be precluded under the doctrine of collateral estoppel, or issue preclusion. According to the doctrine of collateral estoppel, once an issue is actually and necessarily decided by a court, that decision is binding in subsequent suits involving a party to the prior litigation, even if the later suits are based on different causes of action. *Montana v. United States*, 440 U.S. 147 (1979).

In the Sixth Circuit, issue preclusion requires the following:

(1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding;

(2) determination of the issue must have been necessary to the outcome of the prior proceeding;

(3) the prior proceeding must have resulted in a final judgment on the merits; and

(4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*N.A.A.C.P., Detroit Branch v. Detroit Police Officers Assn.*, 821 F.2d 328, 330 (6th Cir. 1987) (citations omitted). "[T]he judgment in the prior action operates as an estoppel only as to those matters in issue or points *controverted* .... [T]he inquiry must always be as to the point or question *actually litigated.*" *Regions Hosp. v. Shalala*, 522 U.S. 448, 464 (1998) (emphasis in original).

In the 2005 case, Van Gorder claimed that Grand Trunk was negligent under FELA. In this claim, Plaintiff is asserting that Defendant is strictly liable because the clamshell door

was defective in violation of the FSAA, 49 U.S.C. § 20302, and the regulations promulgated thereunder in 49 C.F.R. § 215. Courts have long held that a violation of the FSSA sets a strict liability standard. "Statutory liability is not based upon the carrier's negligence. The duty imposed is an absolute one, and the carrier is not excused by any showing of care, however assiduous." *Brady v. Terminal R.R. Assn.*, 303 U.S. 10, 15 (1938). The United States Supreme Court "early swept all issues of negligence out of cases under the Safety Appliance Act." *O'Donnell v Elgin, J. & E. Ry. Co.*, 338 U.S. 384, 390 (1949).

Defendant asserts that the wording of the 2005 complaint and the current complaint are verbatim other than the statute that is applied, and thus the issues are identical. To the extent that Plaintiff is asserting negligence in this action, the Court agrees. The issue of Grand Trunk's negligence was actually litigated in the 2005 action, and therefore, Plaintiff is collaterally estopped from relitigating this issue in this action.

The Court also concludes that Plaintiff is estopped from litigating his claim of Defendant's liability under 49 C.F.R. § 215. Plaintiff raised the issue of non-compliance with this regulation in the 2005 action, and the Court assumed *arguendo* that the violation of the regulation established negligence per se. *Van Gorder v. Grand Trunk Western R.R., Inc.*, 2006 WL 2796159 at *7 (E.D. Mich. Sep. 27, 2006). However, as indicated above, the Court determined that the regulation applies only to "parts which affect the movement of the car itself." *Id.* Because the clamshell door does not affect the rail car's movement, this component was determined not to be within the scope of 49 C.F.R. § 215.

Because the 49 C.F.R. § 215 violation was raised and litigated between these two

parties, Plaintiff's claim of violation of 49 C.F.R. § 215 in the instant action is barred by issue preclusion.

2. *Claim Preclusion*

This leaves only Plaintiff's reformulated claim under the FSAA itself. Plaintiff claims that "the clamshell door attached to railcar TTGX985596 when open becomes an extension of the side ladders of the railcar and therefore, could be considered a Safety Appliance under the FSAA."[6] This claim, however, is barred under the doctrine of res judicata.

Res judicata, also known as "claim preclusion," refers to "the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 (1984). "A claim is barred by the res judicata effect of prior litigation if all of the following elements are present: '(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.'" *Browning v. Levy*, 283 F.3d 761, 771 -772 (6th Cir. 2002) (quoting *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997)).

In this case, Van Gorder and Grand Trunk were both parties to the first action which was dismissed with prejudice by this Court and affirmed by the Sixth Circuit Court of

---

[6] Plaintiff's Brief in Response to Defendant's Motion for Summary Judgment and in Support of Plaintiff's Cross-Motion to Compel and Extend Discovery, pg. 11.

Appeals. Because we have a final decision between the same parties, the first and second elements of res judicata are satisfied.

The fourth claim preclusion element, an "identity of the causes of action," is also satisfied. Identity of causes of action exists if "the claims arose out of the same transaction or series of transactions," or if "the claims arose out of the same core of operative facts." *Browning*, *supra*., 283 F.3d at 773-774 (quoting *Micro-Time Mgmt. Sys., Inc. v. Allard & Fish, P.C.*, 983 F.2d 1067 (6th Cir. 1993). In this case, Plaintiff's factual allegations in the earlier complaint and the instant action are identical: same date of injury, same location of injury, same method of injury. As noted above, the only difference in the two pleadings is the federal statute being asserted. Since this claim relies on the same transaction and the same core facts, the fourth requirement of res judicata is satisfied.

This leaves the third requirement for claim preclusion, that there must be "an issue in the subsequent action which was litigated or *which should have been litigated* in the prior action." *Id*. (emphasis added). Defendant Grand Trunk argues that the Federal Safety Appliance Act does not create a cause of action independent of Federal Employers' Liability Act; the two must be claimed together. If the two claims are not independent, then the FSAA claim should have been litigated with the prior action FELA claim.

In *Urie v. Thompson*, 337 U.S. 163 (1949), the Supreme Court held that the purposes of the Federal Safety Appliance Act and the Boiler Inspection Act (BIA) were not to confer any right of action; these Acts supplemented FELA by imposing an absolute duty on railroads

to provide safe equipment. *Id*. at 188-89. The Court further held that the BIA and FSAA Acts are "substantively if not in form amendments to" FELA, and they cannot be regarded as statutes "wholly separate from and independent of the Federal Employers' Liability Act." *Id*. The purpose of the FSAA was to facilitate employee recovery under FELA. *Id*.

> The Supreme Court has consistently held the view that the two statutes are not distinct:
>
> The Safety Appliance Act did not create a federal cause of action for either employees or nonemployees seeking damages for injuries resulting from a railroad's violation of the Act. Congress did, however, subsequently provide a cause of action for employees: The cause of action of action created by the Federal Employers' Liability Act of 1908 ... embraces claims of an employee based on violations of the Safety Appliance Act.

*Crane v. Cedar Rapids & Iowa City Ry. Co.*, 395 U.S. 164, 166 (1969) (citations omitted). (See also *Richards v. Consolidated Rail Corp*., 330 F.3d 428, 433 (6th Cir. 2003); *Weaver v. Missouri Pacific R.R. Co.*, 152 F.3d 427, 430 (5th Cir. 1998); and *Magelky v. BNSF Ry. Co.*, 491 F.Supp.2d 882, 888 (D. N.D., 2007)).

Plaintiff argues that an FSAA claim is not required to be filed with a FELA claim. In support, Plaintiff relies on *Norfolk and Western Ry. Co. v. Hines*, 516 U.S. 400 (1996). In *Hines*, a member of the railroad's switching crew was injured while attempting to realign an off-center drawbar which prevented the cars from coupling. The Supreme Court granted certiorari specifically to address the conflict among the lower courts on interpreting the FSAA as it applied to misaligned drawbars. *Id*. at 403. No issue as to whether an FSAA claim may stand alone, independent of FELA, was raised in that case. However, the Court noted in a

footnote that it is FELA that "makes railroads liable for a violation of the SAA." *Id*. at 408 n. 11. Thus, this case does not support Plaintiff's position.

Plaintiff also relies on *Maldonado v. Missouri Pacific Ry. Co.*, 798 F.2d 764 (5th Cir. 1986), as support for his contention that he should be allowed to go forward with his FSAA action. In that case, a railroad employee filed a claim under FELA and the FSAA after being injured at work. During the trial, Maldonado dropped the FELA cause of action and was permitted to proceed on the FSAA cause of action. *Id*. at 771. Similarly, in *Reed v. Philadelphia, Bethlehem & New England R.R. Co.*, 939 F.2d 128 (3rd Cir. 1991), a freight conductor was injured when a car failed to couple. Reed also had brought suit under the FSAA and FELA, but withdrew his FELA claim shortly before trial. *Id*. at 129. Unlike *Maldonado* and *Reed*, Van Gorder did not originally file his FSAA and FELA claims together. He is attempting to submit each federal claim as separate and distinct.

Plaintiff also cites *Goedel v. Norfolk & Western Ry. Co.*, 13 F.3d 807 (4th Cir. 1994). However, this case does not support Plaintiff's position either. Goedel was not an employee of the railroad and, as such, was not covered by FELA. The court held that since he was not an employee, neither FELA nor FSAA applied, and he could only recover if he proved that the railroad was negligent. *Id*. at 810. Unlike *Goedel*, Plaintiff was an employee of the railroad, and thus, was covered by FELA and the FSAA.

In sum, the Court finds no basis for Plaintiff's position in the cases he relies upon, and for the reasons stated above, this Court finds that res judicata is applicable. Therefore,

Plaintiff's claim under the FSAA is barred by claim preclusion.

3. *Requirements for a Claim Under the Federal Safety Appliance Act*

Even assuming *arguendo* that Plaintiff's claim is not barred by issue or claim preclusion, the Court finds the Plaintiff's claim under the FSAA is without merit. The purpose of the FSAA is to ensure railroads equip and maintain rail cars with enumerated safety devices, such as certain types of couplers, sill steps, hand brakes, running boards and ladders. 49 U.S.C. § 20302. To determine whether a particular piece of equipment is included within the scope of the FSAA is a question of law. *Shields v. Atlantic Coast Line R.R. Co.*, 350 U.S. 318, 322-25 (1956). Thus, the court must determine whether the clamshell door is a safety appliance under the FSAA.

In *Moses v. Union Pacific R.R.*, 64 F.3d 413, 418 (8th Cir. 1995), the court held that a pull plate was not a safety appliance for the purposes of the FSAA. Similarly, in *Jordan v. Southern Ry. Co.*, 970 F.2d 1350 (4th Cir. 1992), the court held that a door ratchet mechanism was not within any of the categories of devices set forth in the FSAA.

Plaintiff asserts that the clamshell door should fall within the category of a secure ladder as listed in 49 U.S.C. § 20302(a)(1)(C). In *Atchison, Topeka & Santa Fe Ry. Co. v. Scarlett*, 300 U.S. 471 (1937), a brakeman was injured using a brace rod located next to a ladder as an extra step. The Court determined the brace rod was not part of the ladder and, therefore, not a safety appliance. The Court reasoned, "We do not see how it reasonably can be said that the brace rod constitutes a part of the ladder. In itself, it was a contrivance

separate and distinct from the ladder, designed and used for a purpose entirely apart from the use of that appliance." *Id*. at 474-75. For the same reasons, this Court finds no basis to hold a clamshell door constitutes a part of the ladder, and therefore, it is not a safety appliance within the scope of 49 U.S.C. § 20302.

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgement **[Dkt. # 8]** is GRANTED and Plaintiff's Complaint is dismissed, in its entirety, with prejudice.

IT IS FURTHER ORDERED that Plaintiff's Cross-Motion to Compel Discovery **[Dkt. # 11]** is DENIED.

        s/Gerald E. Rosen
        United States District Judge

Dated: November 10, 2008


I hereby certify that a copy of the foregoing document was served upon counsel of record on November 10, 2008, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Case Manager